UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,          | ) |                              |
|    Plaintiff-Respondent, | ) |                          |
|                                    | ) | CRIMINAL NO. 10-10100-PBS    |
|     v.         | ) |                              |
| REGINALD MOUSCARDY,                | ) |                              |
|    Defendant-Petitioner. | ) |                          |

**MEMORANDUM AND ORDER**

November 18, 2014

Saris, Chief Judge.

**I. INTRODUCTION**

*Pro se* petitioner, Reginald Mouscardy, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging primarily that he does not qualify for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because his prior assault convictions were not violent felonies. He separately contends that those and other prior convictions were insufficient to support enhancement because he received concurrent sentences for each. Petitioner's request for relief (Docket No. 89) is **DENIED**.

1

## II. BACKGROUND

The Court assumes familiarity with its previous Memorandum and Order in this case regarding the petitioner's motion to suppress evidence, see United States v. Mouscardy, No. 10-cr-10100, 2011 WL 2600550 (D. Mass. June 28, 2011), aff'd, United States v. Mouscardy, 722 F.3d 68, 70 (1st Cir. 2013), summarizing only those facts relevant to the petitioner's pending motion.

On July 26, 2011, a jury convicted Mouscardy of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This Court then sentenced him to twenty years in prison as an armed career criminal. Mouscardy appealed, alleging, among other things, that the ACCA sentencing enhancement violated his Sixth Amendment rights because the predicate offenses on which this Court had relied were not categorically violent felonies.[1] Id. at 70. The First Circuit affirmed. Id. at 78.

---

[1] The ACCA provides that:

> "[A] person who violates section 922(g) of this title and has three previous convictions...for a violent felony or a serious drug offense...shall be fined under this title and imprisoned not less than fifteen years."

18 U.S.C. § 924(e)(1). A "violent felony" is further defined as:

> "Any crime punishable by imprisonment for a term exceeding one year...that –
> I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> ii) is burglary, arson, or extortion, involves use of

2

Mouscardy now asks that the guilty verdict and his sentence be vacated, claiming specifically that the Massachusetts crime of assault and battery with a dangerous weapon does not constitute a "violent felony" under 18 U.S.C. § 924(e)(2)(B), and that several of his convictions should not have served as ACCA predicates because they were given concurrent sentences. The First Circuit squarely resolved the former issue on appeal, and Mouscardy did not there raise the latter. Mouscardy's petition is therefore **DENIED** without hearing.[2]

### III. DISCUSSION

**A.  Standard of Review**

A prisoner may seek postconviction relief from his sentence if that sentence was imposed (1) in violation of the Constitution or laws of the United States or (2) by a court that lacked jurisdiction, or if that sentence (3) exceeded the statutory maximum or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; see Damon v. United States, 731 F.3d 1, 4 (1st

---

> explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B).

[2] Since Mouscardy's section 2255 motion is "conclusively refuted as to the alleged facts by the files and records of the case," this Court may resolve it without an evidentiary hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989), citing Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974).

Cir. 2013). "Section 2255 is not a surrogate for a direct appeal," and a petitioner bears the burden of establishing that such relief is necessary. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

**B.   Sentence enhancement under the ACCA**

Mouscardy argues primarily that his sentence must be vacated because his prior convictions for assault and battery with a dangerous weapon ("ABDW"), pursuant to G. L. c. 265, § 15A(b), did not constitute "violent felonies" under the ACCA. In support of this contention, Mouscardy points to United States v. Holloway, 630 F.3d 252, 262 (1st Cir. 2011), in which the First Circuit concluded that the Massachusetts crime of simple assault and battery does not constitute a violent felony. Id.

As the government correctly notes, Mouscardy made precisely this argument on appeal and did not prevail. In United States v. Hart, 674 F.3d 33, 44 (1st Cir. 2012),[3] the First Circuit held that "Massachusetts ABDW qualifies as a predicate offense under ACCA's residual clause." Relying on Hart, the First Circuit reaffirmed that Mouscardy's various ABDW convictions were "violent felonies" for purposes of the ACCA. Mouscardy, 722 F.3d at 77. However, the caselaw became more complicated recently when the First Circuit held that Massachusetts ABDW does not

---

[3] The First Circuit's decision in United States v. Carrigan, 724 F.3d 39, 51 (1st Cir. 2013), is to the same effect.

4

constitute a "crime of violence" as defined by 18 U.S.C. § 16, a phrase that is "entirely separate [from], but quite similar" to, the term "violent felony" as appearing in the ACCA. United States v. Fish, 758 F.3d 1, 4 (1st Cir. 2014). Although the Court remarked that the two definitions are "partially overlapping," it drew a careful distinction between them. A felony is "violent" for ACCA purposes if it is "*typically* purposeful, violent, and aggressive." Id. at 11. But an offense is only a "crime of violence" under § 16, the First Circuit cautioned, if it will, "in every realistically probable application, involve a substantial risk that physical force will be brought to bear in a manner such that it can be said to have been 'used.'" Id. However, the First Circuit did "not question Hart's holding," id. at 11, concluding that its "analysis of the [ABDW] statute under ACCA would replicate Hart's holding that ABDW is a violent felony under ACCA's residual clause." Id. at 16.

Although the law in this area is muddy and difficult, Mouscardy does not "identify any supervening authority that would cast doubt on the validity" of the Hart decision, or on the First Circuit's conclusion that Mouscardy's Massachusetts ABDW convictions were ACCA predicates. Mouscardy, 722 F.3d at 77-78.

Mouscardy further contends that three of the convictions listed in the pre-sentencing report – a 2000 conviction for assault and battery on a police officer ("ABPO"); a 2002

5

conviction for ABDW and ABPO; and a 2003 conviction for ABPO as well as assault with a dangerous weapon – should not, for other reasons, have supported a sentence enhancement under the ACCA. None of these convictions is so eligible, he maintains, because the 2000 sentence ran concurrent with a sentence not contained in the pre-sentencing report, and the 2003 sentence ran concurrent with the 2002 sentence. Because Mouscardy could have raised this issue on direct appeal but did not do so, the procedural default rule precludes its assertion for the first time on collateral attack. See, e.g., Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013).

In any event, Mouscardy's argument would fail on the merits. Insofar as Mouscardy suggests that a concurrent charge cannot constitute a predicate offense for purposes of the ACCA, Section 924(e)(1) of that statute contains no such prohibition, providing only that prior convictions must have been "committed on occasions different from one another."[4] According to the pre-sentencing report, the 2002 and 2003 convictions stemmed from actions taken nearly one year apart, and Mouscardy does not

---

[4] Mouscardy also points out that the government entered a nolle prosequi on June 6, 2013, regarding his 2005 conviction for distribution of crack cocaine. This conviction, which Mouscardy alleges was not yet final at the time of his sentencing, could not have sufficed as a predicate under the ACCA. But, as the First Circuit stated in a footnote, this Court explicitly disregarded the conviction to which Mouscardy now objects when making its sentencing determinations under the ACCA. Mouscardy, 722 F.3d at 77 n.3.

indicate otherwise with respect to the conviction not listed in that report. See <u>United States v. Gillies</u>, 851 F.2d 492, 497 (1st Cir. 1988) (crimes occurring on different days were "committed on occasions different from one another" for purposes of ACCA, even where concurrent sentences imposed); see also <u>United States v. Davis</u>, 689 F.3d 349, 358-59 (4th Cir. 2012); <u>United States v. Martin</u>, 526 F.3d 926, 939 (6th Cir. 2008); <u>United States v. Gray</u>, 85 F.3d 380, 381 (8th Cir. 1996)(collecting cases and noting that "discrete criminal episodes, rather than dates of convictions, trigger the enhancement"). In short, the concurrent sentences Mouscardy received do not warrant relief on collateral review.

## **ORDER**

For the foregoing reasons, the petitioner's 28 U.S.C. § 2255 petition (Docket No. 89) is **DENIED**.

    /s/ Patti B. Saris
    Patti B. Saris
    Chief United States District Judge