**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
REGINALD MOUSCARDY,                 )
                                    )
              Petitioner,           )
                                    )
      v.                            )    Criminal Action
                                    )    No. 10-10100-PBS
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )
_____)

**ORDER**

December 1, 2016

Saris, C.J.

On June 26, 2011, a jury found Reginald Mouscardy guilty of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, this Court determined that Mouscardy was an armed career criminal as defined by 18 U.S.C. § 924(e). See United States v. Mouscardy, 722 F.3d 68, 76 (1st Cir. 2013). In light of Johnson v. United States, 135 S. Ct. 2551 (2015), Mouscardy argues that he is no longer properly characterized as an armed career criminal and he asks that this Court vacate his sentence pursuant to 28 U.S.C. § 2255.

The Court finds that Mouscardy remains an armed career criminal. Mouscardy argues that his convictions for assault and battery with a dangerous weapon (ABDW), assault and battery on a

police officer (ABPO), and resisting arrest no longer count as crimes of violence after Johnson. The Court need not address these arguments. The presentence report indicates and Mouscardy concedes that, at the time of sentencing, he had committed an assault with a dangerous weapon (ADW) in 2002 and another ADW in 2003. After Johnson invalidated the residual clause of the Armed Career Criminal Act (ACCA), the First Circuit held that Massachusetts ADW remained a violent felony under the surviving force clause. See United States v. Whindleton, 797 F.3d 105, 116 (1st Cir. 2015); see also United States v. Hudson, 823 F.3d 11, 16 (1st Cir. 2016) ("Thus, we reaffirm that a Massachusetts ADW conviction meets the physical force requirement under the force clause of the ACCA."). Because Mouscardy has a third ACCA predicate undisturbed by the holding in Johnson -- a 1997 possession of a Class B substance with intent to distribute -- he remains an armed career criminal.

For the foregoing reasons, the Court **DENIES** Mouscardy's § 2255 petition.

/s/ PATTI B. SARIS  
Patti B. Saris  
Chief United States District Judge